UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LUIS FIGUEROA, et al.,

                                Plaintiffs,

  v.                                                  9:20-CV-0401
                                                         (TJM/CFH)

DONALD J. TRUMP, et al.,

                                Defendants.

---

APPEARANCES:

LUIS FIGUEROA
Plaintiff, pro se
16277-069
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

LUCIANO MENDOZA-GARCIA
a/k/a LUCIANO MENDOZA
Plaintiff, pro se
49619-069
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

COREY HEYWARD
Plaintiff, pro se
77211-054
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

REINALDO RODRIGUEZ-MARTINEZ
a/k/a REINALDO RODRIGUEZ
Plaintiff, pro se
72813-067
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

GABRIEL HENDERSON
Plaintiff, pro se
67372-050
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

THOMAS J. McAVOY
Senior United States District Judge

## ORDER

This action was purportedly commenced by 11 incarcerated pro se plaintiffs on or about April 6, 2020.  Because none of the 11 original plaintiffs either paid the filing fee required for commencing a lawsuit in this District or filed applications to proceed in the action in forma pauperis ("IFP"), the Court issued a Decision and Order on April 15, 2020, directing plaintiffs to each comply with the filing fee requirements.  Dkt. No. 2 ("April Order").  The April Order also warned plaintiffs, who are proceeding jointly, that the Court may strike any pleading that does not comply with Rule 11 of the Federal Rules of Civil Procedure, which requires that each of them sign "every pleading, written motion, or other paper" filed with the Court.  *Id.* at 7.  The Court also notified plaintiffs that, as an alternative to proceeding jointly in this multi-plaintiff litigation, any of them may pursue litigation independent from the other plaintiffs.  *Id.* at 11.  Plaintiffs were further informed that, if any of them wished to proceed independently, "he must (1) commence a new action by filing a separate complaint and complying with the filing fee requirements . . .; and (2) file a motion in this current action to voluntarily dismiss the action in accordance with Rule 41 of the Federal Rules of Civil Procedure."  *Id.*

Following the issuance of the April Order, the Court received, inter alia, IFP

applications from five plaintiffs and a notice of voluntary dismissal from the other six plaintiffs. Dkt. Nos. 4, 10, 13, 15 16, 18.  The Court thereafter issued a Decision and Order granting the IFP applications filed by plaintiffs Figueora, Henderson, Heyward, Mendoza-Garcia, and Rodriguez-Martinez, and directing the Clerk to terminate the other six plaintiffs from the action in light of their notice of voluntary dismissal.  Dkt. No. 22 ("June Order").  The June Order also dismissed the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A with leave to file an amended complaint.  *Id.* at 9-10, 16.

On June 19, 2020, the Court received an amended complaint signed only by plaintiff Henderson.  Dkt. No. 23 ("Henderson Amended Complaint").  On July 1, 2020, the Court received an amended complaint signed by plaintiffs Figueroa, Rodriguez-Martinez, Mendoza-Garcia, and Heyward.  Dkt. No. 24 ("Figueroa Amended Complaint").  None of the five remaining plaintiffs (e.g., Henderson, Figueroa, Rodriguez-Martinez, Mendoza-Garcia, or Heyward) have explained why plaintiff Henderson has submitted a separate amended complaint from plaintiffs Figueroa, Rodriguez-Martinez, Mendoza-Garcia, and Heyward. Because neither the Henderson Amended Complaint nor the Figueroa Amended Complaint are signed by all plaintiffs in accordance with Rule 11 of the Federal Rules of Civil Procedure, both amended complaints are stricken from the record.  *See Hill v. Kernan*, No. 18-CV-1108, 2018 WL 2563733, at *1 (E.D. Calif. June 4, 2018) (striking an amended complaint signed by some, but not all, of the plaintiffs); *Merritte v. Kessell*, No. 12-CV-0263, 2014 WL 6968052, at *3 (S.D. Ill. Dec. 9, 2014) (striking the amended complaint that was not signed by all of the plaintiffs).

In addition, Rule 20 of the Federal Rules of Civil Procedure allows multiple people "to

join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).  By virtue of plaintiffs filing separate amended complaints from one another, plaintiffs suggest that the causes of action they intend to pursue in this action do not arise from the same transaction or occurrence and/or that there are no questions of law or fact common to all of them.[1]  Without opining at this early juncture as to whether joinder under Rule 20 is proper, the Court reminds plaintiffs that Rule 21 of the Federal Rules of Civil Procedure authorizes the Court to add or drop a party or sever plaintiffs' claims at any time.  *See* Fed. R. Civ. P. 21 ("On a motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."); *see also* April Order at 9-10.

In the event plaintiffs wish to proceed in this action jointly, they shall file <u>one single</u> amended complaint that is <u>signed by all plaintiffs</u> within 30 days of this Order.  As explained to plaintiffs in the April Order, if any plaintiff (including plaintiff Henderson) wishes to pursue litigation independent from his co-plaintiffs, he must (1) file a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure, and (2) commence a new action in this District by filing a complaint and complying with the filing fee requirements (as described in the April Order).  <u>Plaintiffs cannot proceed jointly in this action by filing separate complaints.</u>

In the event the Court does not receive an amended complaint from the plaintiffs

---

[1] Indeed, a brief review of the Henderson and Figueroa Amended Complaints reveals that the pleadings name different defendants and assert difference claims.

within 30 days of the date of this Order, the Clerk will enter judgment dismissing the action pursuant to the June Order.

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaints (Dkt. Nos. 23, 24) are **STRICKEN** from the record because they are not signed by all plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that, if plaintiffs wish to pursue this action jointly, they shall file, within 30 days of the date of this Order, <u>one single</u> amended complaint that is <u>signed by all plaintiffs</u>; and it is further

**ORDERED** that, upon receipt of any amended complaint, the Clerk shall return the file to the Court for review of the sufficiency of the amended complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A; and it is further

**ORDERED** that, if any plaintiff seeks to pursue litigation independent from his co-plaintiffs, he shall (1) file a notice of voluntary dismissal of this action in accordance with Rule 41 of the Federal Rules of Civil Procedure, <u>and</u> (2) commence a new action by filing a complaint and complying with the filing fee requirements for commencing an action in this District (as described in Part II.A. of the April Order); and it is further

**ORDERED** that, if any plaintiff wishes to discontinue his participation in this action without commencing a new action, he is required only to file a notice of voluntary dismissal in accordance with Rule 41 of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that, in the event the Court does not receive an amended complaint that

is signed by all of the plaintiffs within 30 days of the date of this Order, the Clerk shall enter judgment dismissing the action pursuant to the Court's June Order; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on plaintiffs in accordance with the Local Rules of Practice for this Court.

**DATED: July 29, 2020**

Thomas J. McAvoy
Senior, U.S. District Judge