UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LUIS FIGUEROA, et al.,

                        Plaintiffs,

   v.                                                9:20-CV-0401
                                                           (TJM/CFH)

DONALD J. TRUMP, et al.,

                        Defendants.

---

APPEARANCES:

LUIS FIGUEROA
Plaintiff, pro se
16277-069
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

LUCIANO MENDOZA-GARCIA
a/k/a LUCIANO MENDOZA
Plaintiff, pro se
49619-069
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

COREY HEYWARD
Plaintiff, pro se
77211-054
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

REINALDO RODRIGUEZ-MARTINEZ
a/k/a REINALDO RODRIGUEZ
Plaintiff, pro se
72813-067
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

GABRIEL HENDERSON
Plaintiff, pro se
67372-050
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

## I.   INTRODUCTION

On or about April 6, 2020, pro se plaintiffs Luis Figueora, Servando Jose Gomez, Benny Ramos-David, Luciano Mendoza-Garcia, Corey Heyward, Francisco Diaz, Reinaldo Rodriguez-Martinez, Ranking Smith, Gabriel Henderson, and Robert D. Perez-Nunez commenced this action against three defendants by filing a complaint.  Dkt. No. 1.  Since that date, six of the plaintiffs have been terminated from the action in light of their voluntary dismissal of the claims asserted in the complaint.[1]  *See* Dkt. No. 15; Dkt. No. 22 ("June Order") at 15.

On June 8, 2020, the Court issued the June Order, granting the remaining five plaintiffs' applications to proceed in the action in forma pauperis ("IFP"), and reviewing the sufficiency of the complaint pursuant to its obligation under 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A").  *See generally* June Order.  The Court concluded that plaintiffs' complaint, which asserted constitutional violations, failed to name any defendant that was not immune from suit.  *Id.* at 9-10.  For that reason, plaintiffs'

---

[1] Specifically, plaintiffs Gomez, Ramos-David, Fuentes, Smith, Perez-Nunez, and Diaz were terminated from the action.  Remaining as active plaintiffs in the action are Figueroa, Henderson, Heyward, Mendoza-Garcia, and Rodriguez-Martinez.

2

complaint was dismissed without prejudice pursuant to Sections 1915(e)(2)(B)(iii) and 1915A(b)(1).  *Id.* at 9-10, 16.

Plaintiffs Figueroa, Henderson, Heyward, Mendoza-Garcia, and Rodriguez-Martinez availed themselves of the opportunity to amend their complaint, and the Court received their completed and signed amended complaint on or about August 13, 2020.  Dkt. No. 26 ("Am. Compl.").[2]  The Clerk has now forwarded that pleading to the Court for review.

## II. DISCUSSION

### A. Governing Legal Standard

The legal standard governing the review of a pro se inmate-plaintiff's complaint pursuant to Sections 1915 and 1915A was discussed at length in the June Order and will not be restated in this Decision and Order.  *See* June Order at 6-8.

### B. Summary of the Amended Complaint

Plaintiffs are inmates currently incarcerated in Ray Brook Federal Correctional Institute ("Ray Brook F.C.I."), a prison facility operated by the Bureau of Prisons.  *See generally* Am. Compl.  The named defendants in the action are (1) the undersigned District Judge, (2) the United States Government, (3) United States Attorney General William Barr, and (4) Ray Brook F.C.I. Warden Stanley Lovett.  *Id.*

#### 1. Allegations Against the Undersigned Judge

Plaintiffs allege that the undersigned misconstrued and erroneously analyzed the facts

---

[2] The amended complaint, which was filed as of right under Rule 15 of the Federal Rules of Civil Procedure, is accepted for filing.  Because the amended complaint does not name Donald J. Trump and the United States Bureau of Prisons as defendants, the Clerk is respectfully directed to terminate those defendants from the docket.  In accordance with the amended complaint, the Clerk shall also add as defendants the undersigned District Judge, the United States Government, and Stanley Lovett, Warden of Ray Brook Federal Correctional Institution.

3

set forth in the original complaint in its June Order.  Am. Compl. at 3-8.

### 2. Allegations Against Defendants United States Government, Barr, and Lovett

Liberally construed, plaintiffs' amended complaint alleges that the defendants have acted negligently in failing to mandate that all employees at Ray Brook F.C.I. reside within the facility until the end of the Covid-19 pandemic.  Am. Compl. at 8-10.  According to plaintiffs, defendants owe a duty to protect Ray Brook F.C.I. inmates from contracting Covid-19 and that the only way to fulfill that obligation is to require correctional employees to reside within the prison.  *Id.* at 11-12.

Liberally construed, plaintiffs' amended complaint asserts negligence claims against defendants United States Government, Barr, and Lovett arising under the Federal Tort Claims Act ("FTCA") and a breach of duty under 18 U.S.C. § 4042.  As relief, plaintiffs seek money damages and a writ of mandamus pursuant to 28 U.S.C. § 1361.  Am. Compl. at 10, 11.  For a complete statement of plaintiffs' claims, reference is made to the amended complaint.

**C.    Analysis**

### 1. Claims Asserted Against the Undersigned Judge

"It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true however erroneous an act may have been, and however injurious its consequences were to the plaintiff.  *Young*, 41 F.3d at 51.  "[A] judge is immune only for actions performed in his judicial capacity." *DuQuin*, 320 F. Supp.

2d at 41.

In this case, plaintiffs seek to assert a cause of action against the undersigned based on an allegedly erroneous decision the Court issued in this action in June. *See* Amended Complaint at 3-8. Rendering legal opinions in judicial orders is precisely within the scope of a judge's responsibility, and judges may be not sued even if, as plaintiffs allege, the decisions are erroneous or illegal. *See, e.g., Stump v. Starkman*, 435 U.S. 349, 362 (1978) ("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."); *Lindsay v.Tierney*, No. 18-CV-0840, 2019 WL 132728, at *3 (D. Conn. Jan. 8, 2019) ("The appropriate remedy for an unfavorable decision is an appeal of that decision within the . . . court system. Relief from unfavorable decisions made by . . . judges may not, however, be sought through a suit against such judges in this court."). Accordingly, all claims asserted against the undersigned are dismissed pursuant to Sections 1915(e)(2)(B)(iii) and 1915A(b)(1).[3]

---

[3] Out of an abundance of caution, I have considered whether to recuse myself from the action in light of being named as a defendant in the action. Section 455 of Title 28 of the United States Code provides that a judge "shall disqualify himself in any proceeding in which his impartiality might be reasonably be questioned." 28 U.S.C. § 455(a). Courts that have considered the issue have routinely concluded that a judge is not disqualified merely because a litigant sues or threatens to sue him. *See, e.g., Gabor v. Seligmann*, 222 F. App'x 577, 578 (9th Cir. 2007) ("Such an easy method for obtaining disqualification should not be encouraged or allowed."); *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) ("Section 455 has been repeatedly construed by the courts as not requiring automatic disqualification of a judge [where a litigant names a judge as a defendant]. Otherwise, [Section] 455 could be used as a vehicle to engage in judge-shopping[.]" (internal quotation marks and alterations omitted)). Because the Court possesses no bias towards plaintiffs or their claims, and the Court is unaware of any facts or circumstances that would otherwise disqualify me from presiding over this action, I have not recused myself.

### 2. Claims Asserted Against Defendants United States Government, Barr, and Lovett

#### a. FTCA

The only proper defendant under the FTCA is the United States. *CNA v. United States*, 535 F.2d 132, 138 n.2 (3d Cir. 2008). Accordingly, any claims asserted against defendants Barr and Lovett are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

With respect to plaintiffs' FTCA claims asserted against the United States, money damages (which is the only remedy available under the FTCA, *see, e.g., Ostrer v. Aronwald*, 434 F. Supp. 396, 399 (S.D.N.Y. 1977)) may be awarded under the FTCA only where the plaintiff has suffered physical injuries. The FTCA is not a vehicle for awarding damages for pain and suffering or mental or emotional distress. *See* 28 U.S.C. § 1346(b)(2) ("No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]"); *Michtavi v. United States*, 345 F. App'x 727, 730 (3d Cir. 2009). In this case, the amended complaint fails to allege that any of the plaintiffs have suffered physical injuries that are attributable to the negligence of the United States. The amended complaint cites only to mental and emotional injuries related to the risk of contracting Covid-19. *See, e.g.,* Am. Compl. at 9-10.

Accordingly, for the foregoing reasons, plaintiffs' FTCA claims asserted against the defendants are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

6

### b. Negligence Under 18 U.S.C. § 4042

Liberally construed, the amended complaint alleges that defendants have violated their duty of care owed to plaintiffs under 18 U.S.C. § 4042, and that such violations support an award of money damages and the issuance a writ of mandamus under 28 U.S.C. § 1361. *See* Am. Compl. at 8-15.

Section 4042 of Title 18 of the United States Code sets forth the duties and responsibilities of the Bureau of Prisons under the direction of the United States Attorney General, defendant William Barr. As relevant to plaintiffs' amended complaint, Section 4042 mandates that the Bureau of Prisons "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States" and "provide for the protection . . . of all persons charged with or convicted of offenses against the United States." 18 U.S.C. §§ 4042(a)(2), 4042(a)(3). Section 4042, however, "does not establish a civil cause of action against anyone in the event the Bureau's duty is breached." *Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969); *see also Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Harper v. Williford*, 96 F.3d 1526, 1528 (D.C. Cir. 1996); *Chinchello v. Fenton*, 805 F.2d 126, 134 (3d Cir. 1986); *Ortega v. Rowe*, 796 F.2d 765, 767 (5th Cir. 1986). Instead, a prisoner's remedy when 18 U.S.C. § 4042 is breached "is an action against the United States, under the Federal Tort Claims Act." *Williams*, 405 F.2d at 954 (citing *United States v. Muniz*, 374 U.S. 10 (1963)); *see also Brown v. United States*, 486 F.2d 284, 288 (8th Cir. 1973) ("[I]t is clear that the Federal Tort Claims Act does render the United States answerable in damages for the simple negligence of its employees in failing to protect prisoners.").

7

Because the only remedy available to prisoners when Section 4042 is violated is a cause of action under the FTCA, plaintiffs' claims asserted against defendants arising under Section 4042 are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiffs' amended complaint (Dkt. No. 26) is accepted for filing and the Clerk of the Court shall (1) terminate Donald J. Trump and United States B.O.P. as defendants from the docket; (2) add as defendants the undersigned District Judge, the United States Government, and Stanley Lovett, Warden of Ray Brook Federal Correctional Institution; and it is further

**ORDERED** that the amended complaint (Dkt. No. 26) is **DISMISSED** in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** the Clerk shall serve a copy of this Decision on plaintiffs in accordance with the Local Rules of Practice for this Court.

**IT IS SO ORDERED.**

Dated: September 22, 2020

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge